UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM C. BROWN,

        Petitioner,

                        CASE NO. 2:09-CV-12791
v.                       HONORABLE MARIANNE O. BATTANI

THOMAS K. BELL,

        Respondent.
                                        /

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO EXPAND THE RECORD, BUT GRANTING MOTION TO STAY THE PROCEEDINGS, AND STAYING AND ADMINISTRATIVELY CLOSING THE CASE**

      This is a habeas case under 28 U.S.C. § 2254. William C. Brown ("Petitioner"), a Michigan prisoner, was convicted of first-degree felony murder and assault with intent to rob while armed following a jury trial in the Wayne County Circuit Court in 2002. He was sentenced concurrent terms of life imprisonment without the possibility of parole and 20 to 30 years imprisonment on those convictions. In his pleadings, Petitioner raises claims concerning the effectiveness of trial counsel, the suppression of exculpatory evidence, the coercion of a witness and the presentation of false evidence, and actual innocence. This matter is before the Court on Petitioner's motion to expand the record to include new evidence (a co-defendant's newly-signed affidavit) or, alternatively, to stay the proceedings so that he may present this evidence to the state courts and fully exhaust his claims. Respondent has not yet filed an answer to the petition nor a response to the motion.

      The doctrine of exhaustion of state remedies requires that a state prisoner raise each issue

1

he seeks to present in a federal habeas corpus petition to the state courts before proceeding on federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). A prisoner must also present the claims as federal constitutional issues – by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner states that he has previously raised an actual innocence claim (and related claims) in the state courts, but admits that he has not presented a recently-obtained affidavit from one of his co-defendants to the state courts on either direct or collateral review. Petitioner is required to fully present his actual innocence claim (and related claims) to the state courts before this Court can consider such matters on habeas review. *See e.g. Howard v. Wolfe*, 199 Fed.

Appx. 529, 532 (6th Cir. 2006); *Cammuse v. Morgan*, 105 Fed. Appx. 667, 669 (6th Cir. 2004). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard set forth in 28 U.S.C. § 2254.

The Court is aware that Petitioner has already filed post-conviction motions in the state courts. Under Michigan Court Rule 6.502(G)(1), a person can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson*, 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing *People v. Ambrose*, 459 Mich. 884, 587 N. W. 2d 282 (1998)). However, Michigan Court Rule 6.502(G)(2) provides, in relevant part, that a person may file a successive motion based upon a claim of newly-discovered evidence. *See Banks*, 149 Fed. Appx. at 418; *Hudson*, 68 F. Supp. 2d at 800-01. Because Michigan law allows for such a successive motion, Petitioner has an available remedy in the state courts which must be exhausted before he can seek federal habeas relief based upon his newly-obtained affidavit. Accordingly, the Court denies Petitioner's motion to expand the record.

The remaining question is whether the Court should dismiss this action without prejudice or stay the proceedings pending Petitioner's pursuit of his state court remedies. A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected

petition.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court. the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics.  *Id*. at 277.

In this case, Petitioner has shown the need for a stay.  He has not presented his new evidence (an affidavit from one of his co-defendants) to the state courts and the one-year limitations period applicable to habeas actions could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies.  *See* 28 U.S.C. § 2244(d)(1).  Moreover, it appears that Petitioner discovered or obtained the affidavit after the conclusion of his state direct appeals and prior post-conviction proceedings.  Petitioner has thus shown good cause for failing to previously present the evidence to the state courts.  Additionally, this matter does not appear to be "plainly meritless."  Lastly, there is no evidence of intentional delay.  Therefore, the Court shall grant Petitioner's motion to stay the proceedings and shall hold this case in abeyance pending Petitioner's return to the state courts to fully exhaust his claims.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to expand the record is **DENIED**, but his motion to stay the proceedings is **GRANTED**, and this case is **STAYED**.  The stay is conditioned on Petitioner presenting his new evidence and/or unexhausted claim(s) to the state courts within 60 days of this order.  *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned on Petitioner's return to this Court with an amended petition,

using the same caption and case number, within 60 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal. Lastly, this case is **CLOSED** for administrative purposes pending compliance with these conditions.

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

Dated: January 8, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, and counsel for the Respondent.

                                                s/Bernadette M. Thebolt
                                                Case Manager