UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CHRISTOPHER BROWN,

    Petitioner,

v.

THOMAS K. BELL,

    Respondent,
_____/

Civil No. 2:09-CV-12791
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

### OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

William Christopher Brown, ("petitioner"), sought the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 8, 2016, this Court summarily denied petitioner's application for a writ of habeas corpus on the ground that it was time-barred by the statute of limitations contained in 28 U.S.C. § 2244(d). The Court also declined to issue a certificate of appealability but granted petitioner leave to appeal in forma pauperis.

Petitioner has now filed a notice of appeal. Petitioner has also filed a motion for a certificate of appealability, which this Court will treat in part as a motion for reconsideration of the Court's previous decision to deny petitioner a certificate of appealability. For the reasons that follow, the Court will deny petitioner's motion for reconsideration. The Court will further order that

1

petitioner's motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will deny plaintiff's motion for reconsideration. U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. See Michigan Regional Council of Carpenters v. Holcroft L.L.C. 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002)(citing to U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g)(3)). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. See JP Morgan Chase Bank, N.A. v. First American Title Ins. Co., 725 F. Supp. 2d 619, 624 (E.D. Mich. 2010).

Because this Court previously denied petitioner a certificate of appealability when it denied the petition for writ of habeas corpus, the Court will construe petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability. See e.g. Jackson v. Crosby, 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006).

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either

expressly or by reasonable implication, when the Court summarily denied petitioner's habeas application and declined to issue a certificate of appealability. See Hence v. Smith, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. See Sims v. U.S., 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)).  In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct his request for a certificate of appealability to the Sixth Circuit.  The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

**IT IS HEREBY ORDERED** that petitioner's motion for a reconsideration is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer petitioner's "Motion for Certificate of Appealability" [Dkt. # 34] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Date:   May 11, 2016                                          s/Marianne O. Battani
                                                              MARIANNE O. BATTANI
                                                              United States District Judge

3

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 11, 2016.

s/ Kay Doaks
Case Manager